IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMBROSE DEWAYNE EDWARDS, #23019372, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:23-CV-1748-G-BK |
| DALLAS COUNTY SHERIFF DEPARTMENT, RESPONDENT. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. On August 4, 2023, Ambrose Dewayne Edwards, a Dallas County Jail inmate, filed a *pro se* federal petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. As detailed here, the petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

**I. BACKGROUND**

On March 22, 2018, upon Edward's guilty plea to the charge of manufacturing a controlled substance, the trial court deferred the adjudication of his guilt and sentenced him to 10 years' probation/community supervision. *State v. Edwards*, No. F1752430, *Ord. of Deferred Adjudication* (195th Jud. Dist. Ct., Dallas Cnty, Tex., Mar. 22, 2018). On the same day,

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (Habeas Rule 4) ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Edwards pled guilty to possession of marijuana and possession of a firearm by a felon and was sentenced to ten years imprisonment, also probated for ten years. *State v. Edwards*, Nos. F1752321 and F1752322, *Judgment of Conviction* (195th Jud. Dist. Ct., Dallas Cnty., Tex., Mar. 22, 2018). Five years later, on October 25, 2023, the state court revoked Edwards' community supervision and sentenced him to 5 years' confinement in all three cases. *State v. Edwards*, Nos. F1752321, F1752322, F1752430 (195th Jud. Dist. Ct., Dallas Cnty., Tex., Oct. 25, 2023). Edwards did not file a direct appeal.[2]

On August 4, 2023, Edwards filed this federal habeas petition referencing his March 2018 judgments and order. Doc. 3 at 1. His petition and claims are difficult to discern. As best the Court can glean, Edwards alleges the charges were "false" and unsupported by "legal evidence." Doc. 3 at 5-11. In response to the Magistrate Judge's Questionnaire, Edwards confirms that he is challenging only the March 2018 order and judgments because of insufficiency of the evidence. Doc. 18 at 3-12.

On December 17, 2023, Edwards filed a letter referencing a state habeas application pursuant to Article 11.07 of the Texas Code of Criminal Procedure that he had previously submitted for filing and the state district clerk received on July 31, 2023. Doc. 17. A review of Edwards' Dallas County online docket sheets confirms the application was filed only in Case No. F1752430, treated as correspondence, and forwarded to the coordinator. Since the application only relates to Case Number F1752430, it was not filed in Edward's other two cases. It is also unclear if the application was considered as a post-conviction writ, since the revocation

---

[2] The trial court's docket sheets are available on the Dallas County Website at https://courtsportal.dallascounty.org/DALLASPROD/Home/Dashboard/29 (last accessed on Jan. 12, 2024).

2

proceedings were then pending. No writ number was assigned and the application was not forwarded to the Texas Court of Criminal Appeals for determination.[3]

Because Edwards has filed neither a direct appeal nor a valid Article 11.07 state habeas application challenging each of his convictions, the Court concludes that his petition is unexhausted and should be dismissed without prejudice.

**II. ANALYSIS**

Courts may raise the exhaustion requirement *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (discussing the court's duty under Habeas Rule 4 "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state" and highlighting the "long line of precedent establishing the authority of courts to raise non-jurisdictional defenses *sua sponte* in habeas cases" (citations omitted)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "'is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.'" *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271,

---

[3] The Court of Criminal Appeals case search website is available at: http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed Jan. 12, 2024).

275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Edwards has not satisfied the exhaustion requirement. A review of his § 2254 petition, and a search of the applicable state court online docket sheets confirm that he did not file an appeal or proper state habeas application challenging his March 2018 judgments and the order of deferred adjudication. As noted, he filed only a state habeas application challenging Case Number F1752430 and it was treated as correspondence. Thus, the Texas Court of Criminal Appeals has not had an opportunity to consider Edwards' claims, and so they remain unexhausted.

### III. CONCLUSION

For all these reasons, Edwards' petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[4]

**SO RECOMMENDED** on January 12, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] The one-year statute of limitations for filing habeas corpus petitions in federal court is applicable to this petition as well as to any other petition that the petitioner may file in this court. *See* 28 U.S.C. § 2244(d).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).